**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114817

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ivette Hines, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ARS National Services, Inc., <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Ivette Hines, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against ARS National Services, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Ivette Hines is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant ARS National Services, Inc., is a California Corporation with a principal place of business in San diego County, California.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated February 6, 2018. (**"Exhibit 1."**)

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. The Debt was incurred on a credit card underwritten by Citibank, N.A. ("Citibank.")

17. The Letter includes the statement "While your account is with our office, if you pay $2,382.93, the above-referenced account will be considered paid in full."

18. The Letter fails to indicate whether the amount stated will increase if the account is not with Defendant.

19. The Letter fails to indicate whether the amount stated will increase due to interest if the account is not with Defendant.

20. The Letter fails to indicate whether the amount stated will increase due to fees if the account is not with Defendant.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

21. The Letter intimates that the balance will change if Defendant does not have the account.

22. The Letter intimates that the balance will increase if Defendant does not have the account.

23. The Letter creates the false impression that the least sophisticated consumer must pay the amount stated to Defendant or the balance will increase.

24. The Letter creates a false sense of urgency.

25. The Letter creates a false sense of urgency that may cause the least sophisticated consumer to choose to pay Defendant.

26. The Letter creates a false sense of urgency that may cause the least sophisticated consumer to choose to pay Defendant rather than another debt.

27. A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

28. The Letter could be read by the least sophisticated consumer to mean that the balance will change if Defendant does not have the account.

29. The Letter could be read by the least sophisticated consumer to mean that the balance will increase if Defendant does not have the account.

30. The Letter could be read by the least sophisticated consumer to create the false impression that the consumer must pay the amount stated to Defendant or the balance will increase.

31. The Letter could be read by the least sophisticated consumer to create a false sense of urgency.

32. The Letter could be read by the least sophisticated consumer to create a false sense of urgency that may cause the least sophisticated consumer to choose to pay Defendant.

33. Because the least sophisticated consumer would not know whether, if the payment was not made, interest and fees would be added to the debt, the letter is deceptive.

34. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

35. For these reasons, Defendant violated 15 U.S.C. § 1692e.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## CLASS ALLEGATIONS

36. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter that includes the statement, "While your account is with our office, if you pay $_____, the above-referenced account will be considered paid in full," from one year before the date of this Complaint to the present.

37. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

38. Defendant regularly engages in debt collection.

39. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter that includes the statement, "While your account is with our office, if you pay $_____, the above-referenced account will be considered paid in full."

40. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

41. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

42. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**JURY DEMAND**

43. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: March 5, 2018

    **BARSHAY SANDERS, PLLC**

    By: _/s/ *Craig B. Sanders*_____
    Craig B. Sanders, Esq.
    100 Garden City Plaza, Suite 500
    Garden City, New York 11530
    Tel: (516) 203-7600
    Fax: (516) 706-5055
    csanders@barshaysanders.com
    *Attorneys for Plaintiff*
    Our File No.: 114817

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530